IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CR-11-254-D |
| | ) | (CIV-13-389-D) |
| DANIEL LESLIE MOONEYHAM, | ) | |
| | ) | |
| Defendant. | ) | |

**O R D E R**

Before the Court is the motion of Defendant Daniel Leslie Mooneyham to vacate, set

aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 48].  That motion is

supported by a memorandum of law [Doc. No. 49].  The Government has filed a response

to Defendant's § 2255 motion [Doc. No. 52] and Defendant has filed a reply [Doc. No. 56].

Defendant has also filed a motion for an evidentiary hearing [Doc. No. 58] and a motion for

discovery and appointment of counsel [Doc. No. 57].

In support of his § 2255 motion, Defendant asserts that his trial counsel was

ineffective in connection with the negotiation of a guilty plea because he advised Defendant

that he would receive a five-year sentence and failed to advise him of what conditions of

supervised release would be imposed.  Secondly, he asserts that counsel was ineffective

because he failed to meet and communicate with Defendant; failed to obtain a psychiatric

evaluation despite Defendant's express instruction; waited until the day before the plea

hearing to present the plea agreement to defendant; failed to explain all of the terms and

conditions of the plea agreement to Defendant; coerced Defendant into stating that he knew

the true age of the victim; and failed to inform Defendant of all the constitutional rights Defendant was waiving when he pled guilty.  In his third ground for relief, Defendant asserts that his counsel was ineffective before and at sentencing in several ways.  *See* Defendant's § 2255 Motion [Doc. No. 48] at p.6 (ECF numbering).  He asserts that prior to sentencing, his counsel again rejected his request for a psychiatric evaluation and subpoenaing a psychologist to testify at sentencing as to the effect of Defendant's molestation as a child. He also asserts that counsel failed to review the Presentence Report (PSR) with Defendant until two days before sentencing, only cursorily discussed the PSR, and failed to adequately object to certain PSR statements.  Defendant also asserts that his counsel refused his request to have witnesses testify at sentencing and did not object to the final sentence imposed. Finally, Defendant asserts that "[t]he Court incorrectly considered unproven solicitation as relevant facts and incorrectly imposed a 2G2.1 sentence consideration without a requisite prior [sic] by a preponderance of the evidence."  *Id*.  And in his fourth ground for relief, Defendant maintains that his counsel was ineffective because he did not discuss Defendant's right to appeal and refused to take phone calls from the jail both before and after sentencing.

Defendant signed a Plea Agreement in which he "knowingly and voluntarily waive[d] his right to . . . "[a]ppeal or collaterally challenge his guilty plea, sentence, restitution imposed, and any other aspect of his conviction . . . ." and "[a]ppeal, collaterally challenge, or move to modify under 18 U.S.C. §3582(c)(2) or some other ground, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guidelines range determined by the Court to apply

2

to this case." *See* Plea Agreement [Doc. No. 21] at p.7, ¶ 7(a) and (b).  The government asserts that Defendant's third and fourth grounds for relief are barred by this waiver of the right to collaterally challenge or appeal any aspect of his conviction and sentence.

The Tenth Circuit has established three factors for determining whether a such waiver is enforceable: "(1) whether the disputed appeal [or collateral attack] falls within the scope of the waiver of appellate [or collateral] rights, (2) whether the defendant knowingly and voluntarily waived his appellate [or collateral] rights, and (3) whether enforcing the waiver would result in a miscarriage of justice."  *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).  Applying these factors here, the Court finds that grounds three and four of Defendant's § 2255 motion fall within the scope of the broad waiver provisions of the Plea Agreement.

Although couched in terms of errors by counsel, Defendant challenges various aspects of his conviction and sentence.  Defendant's sentence was actually below the advisory guideline range of imprisonment for 292 to 365 months due to the statutory maximum prison term of 20 years for the offense of conviction, 18 U.S.C. § 2252(2).  Thus, the first *Hahn* factor is satisfied as to grounds three and four.

Evaluating the second factor, courts "examine whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily," and they "look for an adequate Federal Rule of Criminal Procedure 11 colloquy."  *Hahn*, 359 F.3d at 1325.  "The defendant bears the burden to prove that he did not knowingly and

voluntarily enter into his plea agreement." *United States v. Anderson*, 374 F.3d 955, 958 (10th Cir. 2004) (internal quotation omitted).

The Plea Agreement in this case expressly states that the waivers were knowing and voluntary, and Defendant acknowledged when he signed it that he had "discussed its terms with his attorney and understands and accepts those terms." [Doc. No. 21] at p.9, ¶ 12. Defendant's statements in his Petition to Enter Plea of Guilty, made under penalty of perjury, also show that the waivers in the Plea Agreement were knowing and voluntary. *See* Doc. No. 22 at pp.9-10, ¶¶ 39, 40. The Rule 11 plea colloquy also reveals that the waivers were knowingly and voluntarily made. The Court specifically reminded Defendant that he was waiving the right to appeal or collaterally challenge the sentence imposed except in limited circumstances and Defendant indicated that he understood that. *See* Plea Hr'g Tr. at 6 (Aug. 5, 2011). Defendant acknowledged the same to the Assistant United States Attorney, *see id.* at 10-11, and affirmed under oath that his guilty plea and rights waivers were made voluntarily and completely of his own free choice. *Id.* at 9, 13. The Court specifically found, based on Defendant's testimony at the hearing, that his guilty plea was made voluntarily and with a full understanding of the rights being given up. *Id.* at 14-15. Defendant has produced no evidence that his waiver of his appeal and collateral attack rights was not knowing and voluntary. Thus, the second *Hahn* factor is met.

The final *Hahn* factor asks whether enforcing the waiver will result in a miscarriage of justice as defined by the court of appeals. *See Hahn*, 359 F.3d at 1327. A "miscarriage of justice" results only "1) where the district court relied on an impermissible factor such as

4

race, 2) where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, 3) where the sentence exceeds the statutory maximum, or 4) where the waiver is otherwise unlawful." *Id.* A waiver is "otherwise unlawful" only if the court committed plain error that seriously affects "the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 1329 (citing *United States v. Olano*, 507 U.S. 725, 732 (1993)).

Defendant does not contend that the Court relied on any impermissible factor or that the sentence exceeded the statutory maximum. Defendant suggests he received ineffective assistance of counsel in connection with negotiation of the waiver. This is so, he claims, because counsel waited until the day before the plea hearing to present the plea agreement to him, failed to explain all the terms and conditions, and spent less than one hour with him.[1] *See* Defendant's § 2255 Motion [Doc. No. 48] at p.5. The record herein, however, refutes Defendant's claim. Defendant signed the Plea Agreement on July 29, 2011. *See* Doc. No. 21 at p.9. The change of plea hearing took place seven days later on August 5, 2011. *See* Doc. No. 20. Further, Defendant's assertions in his Plea Agreement, Petition to Enter Plea of Guilty, and in open court all refute Defendant's assertion that his counsel did not explain the terms and conditions of the plea agreement and the waiver.

Defendant also claims that "[t]he Court incorrectly considered unproven solicitation as relevant facts and incorrectly imposed a 2G2.1 sentence consideration with requisite prior

---

[1]  To the extent grounds one and two of the § 2255 motion also allege ineffective assistance of counsel in connection with the negotiation of Defendant's waiver, these claims are addressed *infra* and rejected.

[sic] by a preponderance of evidence."  Defendant's § 2255 Motion [Doc. No. 48] at p.6.  If this assertion is intended to show that the waiver was "otherwise unlawful," it is too vague, undeveloped and conclusory to demonstrate anything that rises to the level of plain error affecting Defendant's substantial rights.  Thus, enforcing the collateral-attack waiver will not result in a miscarriage of justice.

Based upon all of the *Hahn* factors, Defendant's waiver of his appellate and collateral-attack rights is enforceable as to grounds three and four of Defendant's motion.

In *United States v. Cockerham*, 237 F.3d 1179 (10th Cir. 2001), the Tenth Circuit held that § 2255 claims of ineffective assistance of counsel in connection with entry into the plea agreement or incorporated waiver, or which challenge the validity of the plea or waiver, survive and are not barred by the waiver in the plea agreement.  *See Cockerham*, 237 F.3d at 1184, 1191.  Thus, grounds one and two of Defendant's § 2255 motion are not barred by the waiver of collateral attack and appellate rights, and the Court addresses those claims on the merits.

In grounds one and two of his § 2255 motion, Defendant asserts that his counsel:

- told him he should plead guilty because he would get a five-year sentence;

- failed to tell him what supervised release conditions could be imposed;

- failed to meet with him and communicate with him;

- failed to get a psychiatric evaluation;

- waited until the day before the guilty plea hearing to present the plea agreement to Defendant and failed to explain its terms and conditions;

- coerced Defendant into stating that he knew the victim's age and promised a five-year sentence in exchange;

- failed to advise him of all the constitutional rights he would be waiving when pleading guilty;

- failed to explain what supervised release entailed.

Defendant's § 2255 Motion [ Doc. No. 48] at p.5.  Generously construing these claims, they amount to claims of ineffective assistance of counsel in connection with entry into the plea agreement and waiver.

To succeed on an ineffective assistance of counsel claim in this context, a defendant must show 1) that his counsel's representation fell below an objective standard of reasonableness; and 2) that there is "a 'reasonable probability' that the defendant 'would not have pleaded guilty and would have insisted on going to trial' but for counsel's errors." *See*, *e.g.*, *Heard v. Addison*, 728 F.3d 1170, 1175-76 (10th Cir. 2013) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).   In this case, Defendant never states that but for his counsel's alleged deficient performance, he would not have pleaded guilty but would have insisted on going to trial.  In an affidavit attached to his Reply Brief, Defendant states "[o]bviously, my challenge to my counsel's ineffective representation in advising me to enter into the plea agreement *presupposes* my desire to have gone to trial rather than take a plea . . . ."  *See* Exhibit A to Reply Brief [Doc. No. 56], Affidavit at ¶ 2 (emphasis added).  This is not the same as a statement by Defendant that but for his counsel's deficient performance, he would

7

not have pleaded guilty and would have insisted on going to trial.  Likewise, in Defendant's

Reply Brief he states that "but for counsel's error, Movant would have rejected the plea

bargain . . . and thus the result of the proceeding would have been different."  Reply Brief

[Doc. No. 56] at p.11.  Again, this statement does not meet Defendant's burden of showing

prejudice in this context.  *See Heard*, 728 F.3d at 1183-84.

Moreover, any claim of a reasonable probability that Defendant would not have

pleaded guilty but for counsel's alleged unprofessional errors, is implausible.  *See Heard*,

728 at 1184 ("proof of prejudice requires a petitioner to show that 'a decision to reject the

plea bargain would have been rational under the circumstances'") (quoting *Padilla v.

Kentucky*, 559 U.S. 356, 372 (2010)).  This is so because without the Plea Agreement,

Defendant faced the charge of an 18 U.S.C. § 2251(a) offense which carried a 25-year

mandatory minimum sentence and a 40-year maximum prison sentence.  With the Plea

Agreement, Defendant was subject only to a 5 to 20-year sentence for the 18 U.S.C. §

2252(a)(2) offense.  Furthermore, in evaluating the likelihood of whether Defendant would

have insisted on going to trial, the Court may consider the strength of the prosecution's case.

*See Miller v. Champion*, 262 F.3d 1066, 1072 (10th Cir. 2001). In this case the evidence

against Defendant, who confessed, was overwhelming.

On the sole basis that Defendant has not shown and cannot show prejudice in this

context, relief on grounds one and two of Defendant's motion must be denied.  Nevertheless,

the Court will also address the performance prong of ineffective assistance of counsel in

connection with the negotiation of or entry into the plea agreement and waiver.  The Court

must indulge "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland v. Washington*, 466 U.S. 668, 669 (1984). To prove that his counsel's performance was deficient, Defendant must demonstrate that his counsel's performance was "'completely unreasonable, not merely wrong.'" *Byrd v. Workman*, 645 F.3d 1159, 1167 (10th Cir. 2011) (quoting *Hooks v. Workman*, 606 F.3d 715, 723 (10th Cir. 2010)).

Defendant's assertion that his counsel advised or promised him that if he pled guilty he would only receive a 5-year sentence is belied by the Petition to Enter a Guilty Plea, the Plea Agreement, and the plea colloquy. The Plea Agreement itself advised Defendant that the maximum penalty that could be imposed as a result of the plea agreement was a term of imprisonment for not less than 5 years and not more than 20 years, *see* Plea Agreement [Doc. No. 21] at p.2, ¶ 3, and further informed Defendant that the sentence to be imposed was in the sole discretion of the Court. *Id.* at p.6, ¶¶ 6, 7. Likewise, the Petition to Enter Plea of Guilty informed Defendant of the maximum and minimum sentence he could receive and that Defendant's sentence was solely a matter for the judge to decide. *See* Petition to Enter Plea of Guilty [Doc. No. 22] at pp.4-5, ¶¶ 18-19. During the Rule 11 plea colloquy, Defendant was again informed of the maximum and minimum sentences to which he was subject and that the sentence was within the Court's sole discretion. *See* Plea Hr'g Tr. at 3, 7-8. In any event, the Tenth Circuit has held that a "miscalculation or erroneous sentence estimation by defense counsel is not constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). And

an "erroneous sentence estimate by defense counsel does not render a plea involuntary." *Wellnitz v. Page*, 420 F.2d 935, 937 (1970); *accord United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005).

Likewise, that counsel allegedly failed to tell Defendant what supervised release conditions could be imposed upon him is belied by the record.  The Plea Agreement explained supervised release and the consequences of violating the conditions of supervised release, *see* Plea Agreement [Doc. No. 21] at p.3, ¶ 5, and set forth the maximum and minimum years of supervised release to which Defendant was subject.  *Id.* at p.2, ¶ 3.  The Petition to Enter a Plea of Guilty also set forth the maximum and minimum supervised release to which defendant was subject.  *See* Petition to Enter Plea of Guilty [Doc. No. 22] at pp.4-5, ¶ 19.  Defendant does not identify any particular condition of supervised release that would have influenced his decision to plead guilty.  Thus, even if Defendant's counsel failed to tell him what supervised release terms could be imposed, the Court finds that the failure did not amount to deficient performance in light of the information provided in the Plea Agreement, the Petition to Enter a Plea of Guilty, and in open court.

Defendant has failed to explain how or why his counsel's failure to obtain a psychiatric evaluation was unreasonable, how it prejudiced Defendant, or what effect such an evaluation would have had on Defendant's decision to enter into the Plea Agreement.  As the court has already addressed above, Defendant's claim that his counsel waited until the day of the guilty plea to present the Plea Agreement to him and that he failed to explain the terms and conditions of the Plea Agreement is contradicted by the record.

10

As to defense counsel's alleged failure to advise Defendant of all the constitutional rights Defendant would waive by pleading guilty, the Petition to Enter a Plea of Guilty itemized all of the constitutional rights Defendant would be giving up if he pled guilty. *See* Petition to Enter Plea of Guilty [Doc. No. 22] at p.3, ¶¶ 13-14. And Defendant specifically acknowledged in the Petition to Enter a Plea of Guilty that he understood he would be giving up all of those rights except the right to counsel if he pleaded guilty, *id.* at ¶ 14; that his attorney had reviewed and discussed with him all of the questions in the Petition to Enter a Guilty Plea and Defendant's answers to them, *id.* at p.11, ¶ 46; and that Defendant understood all of the questions. *Id.* at ¶ 47. Defendant also assured the Court under oath during the hearing that he understood the rights given up by a guilty plea. *See* Plea Hr'g Tr. At 5-7. Thus, Defendant's claim that his attorney did not advise him of what constitutional rights Defendant would be waiving when pleading guilty is refuted by the record.

In summary, as to grounds one and two, generously construed as claims for ineffective assistance of counsel in negotiating or entering into a plea agreement and a waiver of appellate and collateral-challenge rights, Defendant has failed to show either that his counsel's performance was objectively unreasonable or that Defendant was prejudiced. He has not alleged or shown a reasonable probability that, but for counsel's unprofessional errors, Defendant would not have pleaded guilty and would have insisted on going to trial. Therefore, Defendant is not entitled to relief on grounds one and two.

In accordance with the foregoing, Defendant Daniel Leslie Mooneyham's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. No. 48] is DENIED

11

in its entirety.  Defendant's motion for an evidentiary hearing [Doc. No. 58] and motion for

discovery and appointment of counsel [Doc. No. 57] are also DENIED.[2]  A judgment shall

be entered as set forth herein.

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, the

Court must issue or deny a certificate of appealability ("COA") when it enters a final order

adverse to a movant.  A COA may issue only upon "a substantial showing of the denial of

a constitutional right."  *See* 28 U.S.C. §2253(c)(2).  "A petitioner satisfies this standard by

demonstrating that jurists of reason could disagree with the district court's resolution of his

constitutional claims or that jurists could conclude the issues presented are adequate to

deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003);

*see Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Upon consideration, the Court finds this

standard is not met in this case.  Therefore, a COA will be denied, and the denial shall be

included in the judgment.

IT IS SO ORDERED this 18th day of February, 2014.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2]  No evidentiary hearing is needed where, as here, the existing record conclusively shows the
defendant is not entitled to relief.  *See United States v. Lopez*, 100 F.3d 113, 121 (10th Cir. 1996); 28 U.S.C.
§ 2255(b).